Filed 11/2/22  P. v. West CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C096215 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CR000269) |
| v. | |
| PATRICK JAMES WEST, | |
| Defendant and Appellant. | |

Appointed counsel for defendant, Patrick James West, filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record has disclosed an error in the fines imposed, as well as a problem with the abstract of judgment.  We will modify the judgment to correct this error and direct the trial court to amend the abstract of judgment on remand.  Finding no other arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

BACKGROUND

On February 15, 2022, defendant resolved the case against him by pleading guilty to resisting a peace officer causing serious bodily injury (Pen. Code, § 148.10, subd. (a)) (subsequent undesignated statutory references are to the Penal Code) and in exchange

1

received a sentencing lid of three years and dismissal of the remaining charges. The stipulated factual basis for his plea was a Department of Fish and Game report No. 220208NORFW0005.

On March 14, 2022, the trial court denied defendant's request for probation and sentenced him to the midterm of three years with credit for 35 actual days, plus 34 conduct days for a total of 69 days' custody credit. The court further imposed as incorporated from the probation department's report a $30 conviction assessment fee (Gov. Code, § 70373), a $40 court operations assessment fee (§ 1465.8), a $900 restitution fine (§ 1202.4), and a $900 parole revocation restitution fine (§ 1202.45) "to be stayed upon successful completion of parole." Defendant timely appealed and did not request a certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we note that the trial court incorrectly directed that the $900 parole revocation restitution fine imposed would be *stayed upon successful completion of parole*, instead of suspending that fine until revocation of parole as required. (§ 1202.45, subd. (c).) We will modify the judgment to correct this nondiscretionary sentencing choice. (*People v. Smith* (2001) 24 Cal.4th 849, 853-854.)

Our review of the record has also disclosed that the abstract of judgment fails to list the $30 conviction assessment fee (Gov. Code, § 70373) and $40 court operations

2

assessment fee (§ 1465.8) imposed by the trial court through incorporation of the probation department's report. We will direct the trial court to correct the abstract of judgment so that it matches the court's oral pronouncement. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.) Finding no other arguable errors that are favorable to defendant, we will affirm the judgment as modified.

## DISPOSITION

The judgment is modified to reflect that the $900 parole revocation restitution fine imposed is suspended pending revocation of parole, not "to be stayed upon successful completion of parole." (§ 1202.45, subd. (c).) Because this error was the result of what appears to be a standard form utilized by the probation department, the trial court is directed to ask the probation department to correct this form so that it will conform with the legal requirements of Penal Code section 1202.45, subdivision (c). Further, the trial court is directed to prepare an amended abstract of judgment reflecting the $30 conviction assessment fee (Gov. Code, § 70373) and the $40 court operations assessment fee (§ 1465.8) imposed by the court and to forward a copy of the amended abstract to the Department of Corrections and Rehabilitation. The judgment is affirmed as modified.


_____

HULL, Acting P. J.


We concur:


_____

MAURO, J.


_____

BOULWARE EURIE, J.


3